UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **CSX TRANSPORTATION, INC.**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**SET ENTERPRISES INC.**<br>**AND**<br>**S'DROL METALS, INC.**<br>　　　　　　　　**Defendants.** | **CASE NO**: |

## COMPLAINT

Plaintiff CSX Transportation, Inc., by and through its attorneys, files this Complaint against defendants, SET Enterprises Inc., and S'Drol Metals, Inc., and in support thereof, avers as follows:

## PARTIES

1.　Plaintiff, CSX Transportation, Inc. ("CSX"), is a corporation incorporated under the laws of the Commonwealth of Virginia with its principal place of business in Jacksonville, Florida.

2.　CSX operates as an interstate rail carrier subject to the jurisdiction of the U.S. Surface Transportation Board ("STB"), and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq.*

3. SET Enterprises Inc. ("SET") is a Michigan corporation with its principal place of business in Sterling Heights, Michigan.

4. S'Drol Metals, Inc. ("Metals") is a Michigan corporation with its principal place of business in Southfield, Michigan.

5. SET and Metals (collectively the "Defendants") operate a facility in New Boston, Michigan, where all of the railcars in this litigation were consigned, received, or otherwise delivered.

## JURISDICTION

6. Jurisdiction is based upon 28 U.S.C § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. §§10101 *et seq*.

7. Jurisdiction in this matter is also based upon 28 U.S.C. § 1332(a) as the matter in controversy exceed $75,000.00 and there is complete diversity of citizenship among the parties.

## VENUE

8. Venue properly lies in this district pursuant to 28 USC § 1391(b) because Defendants are subject to personal jurisdiction in this judicial district, and a substantial part of the events or omissions giving rise to the plaintiff's claims occurred in this judicial district.

## CAUSE OF ACTION
## Failure to Pay Demurrage Charges

9. As mandated by 49 U.S.C. § 10746, CSX established rules related to the assessment and computation of rail car demurrage and storage charges ("Demurrage Charges").

10. The rules, which set forth the manner in which Demurrage Charges are accrued and assessed, are set out in CSX demurrage tariffs, which public tariffs posted on the internet.

11. Pursuant to the terms of its governing demurrage tariff, CSX agreed to and did release rail cars into the possession of the Defendants, and the Defendants accepted delivery of said rail cars.

12. Prior to the delivery of the aforementioned cars, CSX provided the Defendants with actual written notice of the terms of CSX's demurrage tariff.

13. The Defendants failed to return possession of railroad-controlled rail cars to CSX within the allotted "free time" prescribed by the demurrage rules, and as a result, accrued Demurrage Charges in accordance with the terms of the governing demurrage tariff.

14. CSX submitted invoices to the Defendants for the Demurrage Charges and the Defendants received these invoices.

15. Pursuant to the demurrage tariff, the Defendants' failure to timely pay the Demurrage Charges owed results in late fees accruing at the rate of ten percent per invoice.

16. Pursuant to the demurrage tariff, the Defendants' failure to timely pay the Demurrage Charges owed also results in finance charges accruing at the rate of twelve percent per annum. The finance charges continue to accrue on delinquent invoices until paid in full.

17. Pursuant to the demurrage tariff, CSX is also entitled to recover attorneys' fees and costs incurred in seeking collection of any unpaid invoices, including litigation costs.

18. CSX has performed all conditions precedent necessary to be entitled to payment of the charges from the Defendants.

19. Although demand has been made for payment of the Demurrage Charges, the Defendants have failed and refused to pay said charges.

20. As a direct and proximate result of the Defendants' failure to pay the Demurrage Charges, CSX has been damaged in the amount of the Demurrage Charges plus interest, late fees, finance charges, attorneys' fees and costs.

Wherefore, Plaintiff CSX Transportation, Inc. respectfully demands that judgment be entered in its favor and against defendants SET Enterprises Inc., and S'Drol Metals, Inc., in an amount not less than $217,800.00, in addition to prejudgment interest, finance charges and late fees which accrue up until the time of trial, together with costs and attorneys' fees, as required by CSX's Tariff 8100 and other tariffs, and such other relief as the Court may allow.

        Respectfully submitted,

        BOWEN, RADABAUGH & MILTON, P.C.

        By: */s/Lisa T. Milton*
            Lisa T. Milton (P38129)
            100 E. Big Beaver Rd., Suite 350
            Troy, Michigan 48083
            Phone:(248) 641-8486
            Fax:   (248) 641-8219
            ltmilton@brmattorneys.com

        By: */s/ Jeffrey D. Cohen*
            Cohen & Merrick, P.C.
            Jeffrey D. Cohen
            125 Coulter Ave, Suite 1000
            Ardmore, PA 19003
            Phone: (215) 609-1110
            Fax:   (215) 609-1117
            jcohen@freightlaw.net

        *Attorneys for Plaintiff*
Dated: January 12, 2021      *CSX Transportation, Inc.*